UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDY KILBOURN, individually and on behalf of all other persons similarly situated who were employed by CLAXTON-HEPBURN MEDICAL CENTER; NORTH STAR HEALTH ALLIANCE, INC.; and RIVER HOSPITAL, INC., and/or any other entities affiliated with or controlled by CLAXTON-HEPBURN MEDICAL CENTER; NORTH STAR HEALTH ALLIANCE, INC.; and RIVER HOSPITAL, INC., <br><br>                                                  Plaintiffs,<br>          -against-<br><br>CLAXTON-HEPBURN MEDICAL CENTER; NORTH STAR HEALTH ALLIANCE, INC.; and RIVER HOSPITAL, INC., and any related entities,<br><br>                                                  Defendants. | Docket No.:  8:20-CV-1128 (TJM/CFH)<br><br>**COMPLAINT** |

Plaintiff Brandy Kilbourn (the "Named Plaintiff"), by her attorneys Gattuso & Ciotoli, PLLC; and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 137-1.2 and 137-1.3 to recover unpaid minimum wages, overtime compensation, and related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by CLAXTON-HEPBURN MEDICAL CENTER; NORTH STAR HEALTH ALLIANCE, INC.; and RIVER

1

HOSPITAL, INC., and/or any other entities affiliated with or controlled by CLAXTON-HEPBURN MEDICAL CENTER; NORTH STAR HEALTH ALLIANCE, INC.; and RIVER HOSPITAL, INC., (hereinafter "North Star" or "Defendants") in trades and occupations entitled to receive overtime compensation.

2. Beginning in 2014 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wage and overtime wages for work they performed as mandated by federal and state law.

3. Beginning in 2014 and continuing through the present, Defendants have engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages, minimum wages, and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

6. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

**VENUE**

8. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

**THE PARTIES**

9. Plaintiff Brandy Kilbourn is an individual who is currently a resident of St. Lawrence County, New York, and was employed by Defendant at the Ogdensburg, New York location as a nurse's assistant from approximately 2006 until June 2020.

10. Upon information and belief, Defendant Claxton-Hepburn Medical Center is a Domestic Not-For-Profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 214 King Street, Ogdensburg, New York, 13669.

11. Upon information and belief, Defendant North Star Health Alliance, Inc. is a domestic Not-For-Profit corporation organized and existing under the laws of the State of New York and authorized to do business in New York, with a principal place of business at 214 King Street, Ogdensburg, New York, 13669.

12. Upon information and belief, Defendant River Hospital, Inc. is a domestic Not-For-Profit corporation organized and existing under the laws of the State of New York and authorized to do business in New York, with a principal place of business at 2 Fuller Street, Alexandria Bay, New York, 13607.

13. Upon information and belief, Defendant Claxton-Hepburn Medical Center is a subsidiary of and/or is operated, owned, or controlled by Defendant North Star Health Alliance, Inc.

14. Upon information and belief, Defendant River Hospital, Inc. is a subsidiary of and/or is operated, owned, or controlled by Defendant North Star Health Alliance, Inc.

15. Upon information and belief, Defendant North Star Health Alliance, Inc. operates a wide variety of medical facilities in St. Lawrence County and Jefferson County, New York, which purport to be affiliated with Claxton-Hepburn Medical Center or River Hospital.

16. At all times relevant to this action, Defendants constituted Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*.

## FACTS

17. Plaintiffs repeat and re-allege the foregoing allegations hereof.

18. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

19. This action is brought on behalf of Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as nurses' aides, registered nurses, licensed practical nurses, medical assistants, emergency medical technicians, and other employees performing similar medical-related and/or physical therapy-related tasks in furtherance of Defendants' operations at its medical facilities.

20. While working for Defendant, Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving proper minimum wages and overtime compensation, as required by applicable federal and state law.

21. For example, beginning in approximately 2006 and continuing through June 2020, named Plaintiff Brandy Kilbourn would typically be scheduled to work three 12 hour shifts per week, for a total of 36 hours per week.

22. However, Plaintiff Brandy Kilbourn would often work extra shifts for Defendants in a given week.

23. Rather than pay Plaintiff Brandy Kilbourn overtime compensation at the rate of time and one-half for all hours worked past 40 in a given week, Defendant instead assigned Plaintiff fewer hours the following week, and would not pay overtime unless the work performed as reflected on the time entries constituted more than 80 hours in a two-week pay period.

24. As a result, Plaintiff would receive straight-time compensation for overtime hours worked past 40 in the first week of a two-week pay period.

25. Defendants consistently and repeatedly used this method of paying straight time wages for overtime hours, through the practice of paying overtime wages only when more than 80 hours in a two-week period were worked, across the members of the putative class.

## FIRST CAUSE OF ACTION: FLSA OVERTIME WAGE COMPENSATION

26. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 25 hereof.

27. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency,

but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29. Plaintiff and similarly situated potential plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

30. Defendant is an "employer," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and, consequently, are liable for violations of FLSA.

31. Defendant failed to pay Plaintiff and similarly situated potential plaintiffs all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

32. The failure of Defendant to pay Plaintiff and similarly situated potential plaintiffs their rightfully owed wages and overtime compensation was willful.

33. By the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION:
## NEW YORK OVERTIME WAGE COMPENSATION

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 hereof.

35. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

36. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

37. Upon information and belief, Plaintiff and similarly situated potential plaintiffs action regularly worked more than forty (40) hours a week while working for Defendant.

38. Upon information and belief, Plaintiff and similarly situated potential plaintiffs action did not receive overtime compensation for all hours worked in excess of forty (40) hours in any given week.

39. Consequently, by failing to pay to Plaintiff and similarly situated potential plaintiffs overtime compensation, Defendant violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

40. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs and similarly situated potential plaintiffs was willful.

41. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and is liable to Plaintiff and similarly situated potential plaintiffs in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 17, 2020

        VIRGINIA & AMBINDER, LLP

By:  _____/s_____
James Emmet Murphy, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
jmurphy@vandallp.com
Tel: (212) 943-9080
Fax: (212) 943-9082

and

GATTUSO & CIOTOLI, PLLC
Frank S. Gattuso, Esq.
The White House
7030 E. Genesee Street
Fayetteville, New York
315-314-8000
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*